IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRETT RAMEY,**

**Plaintiff,**

**v.**

**THE AMERICAN COAL COMPANY,**

**Respondent.**

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

I. **Introduction and Background**

Pending before this Court are defendant, The American Coal Company ("American Coal")'s motion to dismiss (Doc. 6), memorandum in support (Doc. 7), and alternative motion to strike (Doc. 8), and memorandum in support (Doc. 9). Plaintiff, Brett Ramey, opposes defendant's motions to dismiss (Doc. 14), and to strike (Doc. 11). For the reasons stated below, the Court **DENIES** defendant's motions.

Plaintiff worked for American Coal when he was injured on the job on June 22, 2011. Subsequently, plaintiff filed for compensation under the Illinois Workers' Compensation Act ("IWCA"). Upon his return to work after recovering from his injury, American Coal terminated plaintiff's employment. Plaintiff claims his termination was in retaliation for filing a claim for benefits under IWCA. Plaintiff contends he performed his work in a manner that met or exceeded his

employer's expectations.  American Coal disputed Ramey's claims, arguing that he was terminated because his work performance did not meet its expectations. Ramey contends that American Coal claimed it performed regular and periodic performance reviews to determine that Ramey did not meet its expectations. However no performance reviews were conducted, according to Ramey.  Thus, plaintiff alleged that American Coal's reason was pretextual and he was actually terminated in retaliation for filing a claim for workers compensation.

American Coal seeks dismissal of Ramey's complaint, arguing that it is insufficient to state a claim upon which relief can be granted.  Defendant argues that the fact that it did not conduct a performance review on Ramey did not mean that Ramey's performance met its expectations.[1]  Thus, it claims Ramey has no evidence that American Coal's reason for terminating him was pretextual.

## II.  Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must give the defendant fair notice of the claim and the grounds on which it is based.  *Id.*  However, a plaintiff is obligated to provide the grounds of his or her entitlement to relief in more detail than mere "labels and conclusions;"

---

[1] American Coal argues, "The fact that an employer has not performed a periodic performance review does not mean that the employee's performance did not meet expectations . . ."  The Court interprets this to mean that American Coal is actually arguing the opposite: that the lack of performance reviews does not indicate the employee *was* meeting expectations.

factual allegations must be sufficient to provide a right to relief that is not merely speculative. *Id.*

In a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, accepting as true all facts alleged if they are well-pleaded. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All possible inferences are drawn in favor of the plaintiff. *Id.* A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Bell Atlantic*, 550 U.S. at 561.

### III. Analysis

Plaintiff's claim in his complaint is that he was terminated in retaliation for making a claim for workers compensation under IWCA. He supports his claim by contending that American Coal provided as its reason for terminating his employment, that after conducting regular and periodic performance reviews, Ramey's performance did not meet expectations. According to Ramey, American Coal conducted no such reviews after his return to work following his work related injury. Thus, Ramey contends that American Coal's reason for his termination was pretextual and untrue.

Under Illinois law, a valid retaliatory discharge claim requires Ramey to show that: (1) he has been discharged; (2) in retaliation for his activities; and (3) that the discharge violates a clear mandate of public policy. *Tullis v. Townley Eng'g and Mfg. Co., Inc.*, 243 F.3d 1058, 1062 (7th Cir. 2001). Additionally,

under a workers' compensation situation, Ramey must show that he: (1) was American Coal's employee before his injury; (2) exercised a right granted by the Workers' Compensation Act; and (3) was discharged from his employment with a causal connection to his filing a workers' compensation claim. *Id.* If, however, the employer has a valid basis for discharging the employee, which is not pretextual, the element of causation is not met. *Saddler v. Continental Tire N. Am. Inc.*, 2006 WL 1762028 *3 (June 27, 2006). To clarify, for a plaintiff to show retaliatory discharge in Illinois, he must set forth some facts from which it can be inferred that not only was he discharged, but also that the employer's "motive in discharging … him was to deter him from exercising his rights under the Act or to interfere with his exercise of those rights. *Id.*

Plaintiff may create an inference of retaliatory discharge using either the direct method or the indirect method. *Id.* Under the direct method, plaintiff may rely on direct evidence of a defendant's acknowledgment of retaliatory intent, or upon circumstantial evidence sufficient to provide a basis for inferring retaliation. *Id.* Circumstantial evidence is evidence that allows a jury to infer intentional discrimination by the decisionmaker. *Id.* Circumstantial evidence can include: "(1) suspicious timing, ambiguous statements, etc., (2) evidence that similarly situated employees were treated differently, or (3) evidence that the employee was qualified and passed over for the job and the employer's reason for the difference in treatment is a pretext" for retaliation. *Id.*

Here, Ramey's argument that American Coal is claiming performance reviews it never conducted as the reason for terminating Ramey's employment is sufficient to create an inference of retaliation. American Coal does not rebut plaintiff's contention that no performance reviews were conducted. The Court finds this to be sufficient to provide support of his claim that he was terminated in retaliation for claiming benefits under IWCA. Construing the complaint in favor of plaintiff and accepting all facts alleged as pleaded, the Court holds that defendant's motion to dismiss is **HEREBY DENIED.**

The Court further holds that defendant's alternative motion to strike is premature at this point, and **DENIES** the motion at this time. Under Illinois law, which governs this case, the victim of retaliation may obtain compensatory and punitive damages. *McEwen v. Delta Air Lines, Inc.*, 919 F.2d 58, 59 (7th Cir. 1990). Therefore, the Court **DENIES** defendant's motion to strike punitive damages from the complaint.

## IV. Conclusion

For the reasons stated above, the Court holds that construing the complaint in the light most favorable to Ramey, and accepting as true all facts alleged in his complaint, defendant fails to show that Ramey's complaint is insufficient to state a claim upon which relief may be granted. Defendant also fails to show that plaintiff's prayer for punitive damages should be stricken as a matter of law at this time.

Therefore, defendant's motion to dismiss (Doc. 6) and motion to strike (Doc. 8) are hereby **DENIED.**

**IT IS SO ORDERED.**

Signed this 8th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.08
10:41:49 -05'00'

**Chief Judge**
**United States District Court**